TEÓDULO LLAMAS, Petitioner, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, Respondent.

No. 1049.   Argued May 1, 1939.—Decided May 25, 1939.

*Fiddler, Córdova & McConnell* and *J. M. Morales,* attorneys for the petitioner; The Registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

Teódulo Llamas is the owner of two contiguous pieces of property in Santurce which are designated in the instrument

under consideration as "A" and "B". Property "A" was a mortgage security for a promissory note of $45,000 payable to bearer (*portador*). In the deed before us Teódulo Llamas consolidates "A" and "B" and makes the whole consolidated piece of property subject to the mortgage on the promissory note of $45,000. The notary of the deed certifies that he has made the same statement on the promissory note in question. The registrar of San Juan, First Section, recorded the consolidation but refused record of the change of mortgage mentioned in the deed in the following note:

"The record of the foregoing instrument is refused as to the mortgage mentioned therein, as it appears that no reapportioning of the mortgage has been made between the parcel originally mortgaged and the new one to which the mortgage is extended; and a cautionary notice for 120 days is entered on folio 21, vol. 210, Santurce North Section, property No. 8437, 2nd record. San Juan, April 19, 1939. (Signed) A. Malaret, registrar."

Both parties have presented arguments and citations of the Mortgage Law to support their respective positions.

We agree with the appellant that the document should be recorded in its entirety. The properties "A" and "B" have become a single lot and no distribution among the two original pieces of property is necessary. The consolidation does away with the separate existence of said properties. Each ceases to have any individual existence.

The note of the registrar should be reversed and a full record made.